## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NYK Bulk & Projects Carriers Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | IN ADMIRALTY |
| Delta Corp Shipping Pte Ltd, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Delta Corp Logistics USA LLC, | ) | |
| | ) | |
| Garnishee. | ) | |

## VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF
## SUPPLEMENTAL RULE B MARITIME ATACHMENT AND GARNISHMENT WRIT

NYK Bulk & Projects Carriers Ltd. ("NBP" or "Owners") brings this action against Delta Corp Shipping Pte Ltd. ("DELTA") *quasi in rem*, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting issuance of process of maritime attachment and garnishment, including against Garnishees, and states as follows:

### Jurisdiction and Venue

1.      This is an action within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h), for NBP's recovery in damages from DELTA for DELTA's breach of maritime contract, namely, breach of vessel charter party, pursuant to a vessel charter party for the ocean cargo vessel M/V IRON DUKE ("Vessel") between NBP and DELTA as more fully detailed below.

2.      Venue is proper in this District because Garnishee can be found in this District and therefore Defendant's property is located in this District.

3.      Defendant cannot be found in this District within the meaning of Supplemental Rule B(1).

**The Parties**

4.      NBP is a company organized under the laws of Japan and at all relevant times chartered the Vessel to DELTA according to agreed terms including payment of the agreed amounts that this Verified Complaint demands.

5.      DELTA is a Singapore corporation.

6.      Garnishee Delta Corp Logistics USA LLC is a limited liability company organized under the laws of the state of Delaware that, on information and belief, NBP reasonably believes holds accounts or property of and/or owing to DELTA.

**Facts**

7.      Pursuant to the charter party between NBP and DELTA dated May 14, 2024, DELTA agreed to hire the Vessel from NBP for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany.

10.     NBP and DELTA further amended the charter party June 27, 2024 to reflect the provision of fuels and supplies to the Vessel near Bremen, before finally returning to Bremen for discharge.

11.     DELTA redelivered the Vessel to NBP July 7, 2024, however, failed to pay hire and other amounts due to NBP from DELTA as required by and agreed by DELTA in the charter party including amendment.

12.     On August 15, 2024, NBP issued to DELTA a Statement of Account for charges due under the Vessel charter party, for USD 602,778.31.

13.     Thereafter, after NBP's repeated demand, DELTA responded on September 9, 2024 that it was instead paying NBP USD 593,567.28, however, DELTA never even made this promised payment.

14.     DELTA has failed to pay the amounts it agreed to pay NBP under the charter party as amended, and NBP accordingly has incurred damages from DELTA's breach of contract, as demanded below.

### Specific Allegation - Garnishee

15.     Delta Corp Logistics USA LLC:  Garnishee is an affiliate of DELTA. NBP therefore reasonably believes this Garnishee owes accounts or holds property of DELTA.

### Count I – Breach of Maritime Contract

16.     NBP repeats and incorporates the previous paragraphs as though fully set forth herein.

17.     DELTA breached the charter party and amendment as set out above.

18.     NBP has suffered damages for DELTA's breach of maritime contract, namely, breach of the charter party and amendment, and demands damages, attorneys' fees and costs as set forth more fully below.

### Count II – Process of Maritime Attachment and Garnishment
### (Supplemental Rule B)

19.     NBP repeats and incorporates paragraphs 1 through 30 above as though fully set forth herein.

20.     NBP seeks issuance of process of maritime attachment and garnishment in order to obtain payment for the amounts due from DELTA.

21.     No security for NBP's claims has been posted by DELTA, or anyone acting on its behalf, to date.

22.     DELTA cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, property including intangible property, funds, and/or credits in the hands of one or more garnishees in this District, including the Garnishees.

23.     NBP therefore respectfully requests the Court to issue writs of maritime garnishment pursuant to Supplemental Rule B as set out below.

**Prayer for Relief**

WHEREFORE, NBP prays:

A.      That as DELTA cannot be found within this District, and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment in the amount of at least USD 1,052,778.31 (comprising USD 602,778.31 as detailed above plus maritime prejudgment interest estimated to be at least USD 150,000, plus attorneys' fees and costs as provided in under English law, in the amount of at least USD 300,000)(herein, the "Garnishment Amount");

B.      That Process provides for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Garnishment Amount;

C.      That any persons claiming any interest in the property attached by such Process be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint;

D.      That this Court enter judgment in favor of NBP and against DELTA in the amount of the Garnishment Amount, and any further interest, costs and attorneys' fees and costs beyond the Garnishment Amount;

E.      That a person over 18-years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of Maritime Attachment and Garnishment; and

F.      That this Court award NBP such other and further relief that this Court deems just and proper.

<table>
<tr><td><strong><u>OF COUNSEL</u></strong></td><td>YOUNG CONAWAY STARGATT<br>& TAYLOR LLP</td></tr>
<tr><td>J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle, Suite 230<br>Baltimore, MD 21030<br>Telephone: (410) 783-5795<br>Facsimile:  (410) 510-1789<br>jssimms@simmsshowers.com</td><td><em><u>/s/ Timothy Jay Houseal</u></em><br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6682<br>thouseal@ycst.com</td></tr>
</table>

*Attorneys for NYK Bulk & Projects Carriers Ltd.*

Dated: September 19, 2024

## <u>VERIFICATION</u>

I am a Principal of the law firm Simms Showers LLP, of counsel to NYK Bulk & Projects Carriers Ltd. ("NBP").

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of NBP made available to me by NBP.

NBP's authorized officers are not readily available in this District to make verifications on NBP's behalf.  I am authorized to make this verification on NBP's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for defendant DELTA in this District.

Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2024.

*/s/ J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Tel:  410-783-5795
Email: jssimms@simmsshowers.com