IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NYK Bulk & Projects Carriers Ltd., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| | ) IN ADMIRALTY |
| Delta Corp Shipping Pte Ltd, | ) |
| | ) |
|    Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| Delta Corp Logistics USA LLC, | ) |
| | ) |
|    Garnishee. | ) |
| | ) |

**MOTION AND MEMORANDUM FOR ORDER FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff NYK Bulk & Projects Carriers Ltd. ("NBP") hereby moves, pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, for the issuance of Process of Maritime Attachment and Garnishment ("Writs") for property of Defendant Delta Corp Shipping Pte Ltd ("Delta") held or controlled by Garnishee or its agents located in this District, and providing further that the Clerk may issue additional writs on application of Plaintiff. In further support of this motion, Plaintiff states as follows.

Supplemental Rule B(a) provides as follows:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Plaintiff has filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendant Delta that is found in this District. This Court should now, on Plaintiff's Verified Complaint, and as Supplemental Admiralty and Maritime

Rule B provides, grant Plaintiff's motion directing the Clerk to issue the Supplemental Rule B Writs.

## Facts

As detailed in the Verified Complaint, Delta chartered the ocean cargo vessel M/V IRON DUKE ("Vessel") from NBP for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany. The parties further agreed to NBP's provision of fuels and supplies to the Vessel. NBP invoiced Delta for the charter hire fees and costs of fuel and supplies, but Delta failed to pay NBP. NBP, therefore, seeks maritime garnishment and attachment, pursuant to Supplemental Admiralty Rule B, to secure and ultimately provide payment for the charter hire fees and costs of fuel and supplies, as well as its contractual attorneys' fees, interest, and costs for recovering the amount that Delta owes NBP.

### The Writ Seeks Property Held by the Named Garnishee in this District

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167 (S.D.N.Y. 2009) (footnotes omitted, emphasis added). "The Rule's use of the possessive form - "defendant's" - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, *9 (S.D.N.Y. Nov. 9, 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the

> Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." Id. (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

Plaintiff has, in the Verified Complaint, set out enough facts to state a claim to relief that is plausible on its face and that the Garnishee holds property of Defendant within the meaning of Supplemental Rule B. The proposed Writ filed herewith names an entity that, on information and belief, does business with Delta. The proposed Order, submitted herewith, limits garnishment "to the amount sued for," as required by Supplemental Rule B.

Plaintiff's Verified Complaint sets out the factual "bases for its belief that [D]efendant[s'] property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7 (S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's allegations

> demonstrate a "plausible" entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writ, because Plaintiff's Verified Complaint alleges facts that make it plausible to believe that: "(1) it has a valid *prima facie* admiralty claim against the [D]efendant [ ] (2) the Defendant [ ] cannot be found within the district; (3) the [D]efendant [s'] property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *2–3.

Plaintiff seeks attachment of Defendant's property, namely accounts payable due to Delta from the Garnishee and any other funds/property maintained by the Garnishee for the benefit of Delta.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writ requested. Plaintiff herewith submits a draft order.

|  |  |
|---|---|
| **OF COUNSEL** | YOUNG CONAWAY STARGATT & TAYLOR LLP |
| J. Stephen Simms | */s/ Timothy Jay Houseal* |
| Simms Showers LLP | Timothy Jay Houseal (Del. Bar ID No. 2880) |
| 201 International Circle, Suite 230 | Rodney Square |
| Baltimore, MD 21030 | 1000 North King Street |
| Telephone: (410) 783-5795 | Wilmington, DE 19801 |
| Facsimile: (410) 510-1789 | (302) 571-6682 |
| jssimms@simmsshowers.com | thouseal@ycst.com |

*Attorneys for NYK Bulk & Projects Carriers Ltd.*

Dated: September 19, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NYK Bulk & Projects Carriers Ltd., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| | ) IN ADMIRALTY |
| Delta Corp Shipping Pte Ltd, | ) |
| Defendant, | ) |
| and | ) |
| Delta Corp Logistics USA LLC, | ) |
| Garnishee. | ) |

**ORDER GRANTING MOTION FOR ISSUANCE OF**
**<u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Upon consideration of the Verified Complaint filed by Plaintiff and the Court having found that the conditions required by Supplemental Rule for Certain Admiralty and Maritime Claims B exist, NOW, upon Plaintiff's motion, it is hereby,

ORDERED, that the Clerk of this Court is authorized to issue pursuant to Supplemental Rule B, as detailed in the Verified Complaint, Process of Maritime Attachment and Garnishment for all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, and said Order being equally applicable with respect to the issuance and service of additional writs of maritime attachment and garnishment upon any garnishees in this District not

named herein, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the garnishment or attachment should not be vacated or other relief granted; and it is further,

ORDERED, that supplemental or further writs of maritime attachment and garnishment may be issued by the Clerk upon application without further Order of the Court; and it is further,

ORDERED, that following initial service of a writ of maritime attachment and garnishment on any Garnishee, supplemental service of maritime attachment and garnishment writs on that Garnishee and related papers may be made by way of facsimile transmission or email to each such Garnishee and, it is further,

ORDERED, that service on any Garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the Garnishee's business the next business day; and, it is further,

ORDERED, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each Garnishee may consent, in writing, to accept service by any other means; and it is further,

ORDERED, that a copy of this Order be served with each said writ of maritime attachment and garnishment; and, it is further,

ORDERED that to afford an opportunity for an expeditious hearing of any objections which might be raised by Defendant, or any Garnishee, a hearing may be set by calling the case manager of the undersigned.

DONE AND ORDERED this \_\_ day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE